JOSEPH J. O'DONOHUE and JAMES T. McGOVERN, Administrators of JAMES McGOVERN, Deceased, Respondents, *v.* ZACHARIAH E. SIMMONS, Appellant.

*Jury — need not be thoroughly satisfied in a civil action — when the sheriff's negligence or fraud discharges the obligation of a bond of indemnity.*

In an action brought to recover upon a bond of indemnity, given to protect a sheriff in seizing certain property under an execution, the judge charged the jury, in reference to the conduct of the auctioneer who had been employed by the sheriff to sell the property: "I think it fair to say to you that you ought to be thoroughly satisfied that the conduct of the auctioneer was not merely negligent or careless — not a mere oversight. Before concluding the sheriff should lose his indemnity, because of the auctioneer's acts, you should be quite satisfied that the latter was acting in bad faith."

*Held,* that the court, in stating to the jury that they should be thoroughly satisfied, gave them an incorrect standard as to the conclusiveness of the proof required; that in a civil action the jury need not be satisfied of any fact claimed to be proven; that if there is a preponderance of evidence in favor of the fact, they are bound to find accordingly whether they are thoroughly satisfied or not; that the charge was also incorrect in stating that fraud must be shown in order that the indemnity should be lost.

Appeal by the defendant Zachariah E. Simmons from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 10th day of May, 1889, in favor of the plaintiffs; and also from an order denying the motion for a new trial made upon the minutes of the court before which the trial was had.

The action was brought to trial at the New York Circuit, before the court and a jury, and a verdict was rendered in favor of the plaintiff for the sum of $9,963.

*A. Kling,* for the appellant.

*J. M. Smith,* for the respondents.

Per Curiam:

This action was brought to recover upon an indemnity bond given to the sheriff indemnifying him against seizing, under execution, property which he judged to belong to the defendant in the action in which such execution was issued.

The two important questions which were presented upon the trial were : First, whether the defendant had ever executed and delivered the bond set forth in the complaint; and, secondly, whether the negligent and illegal acts of the sheriff had not discharged the defendant from the terms and conditions of the bond.

This action has been tried three times. The record presents only one question which requires notice.

The bond of indemnity to the sheriff upon which the suit is brought was designed to protect that officer against the consequences of his official acts, particularly his act in taking the goods which he judged to belong to the defendant in the execution. It was not intended to afford protection in case of any misconduct or violation of duty by the sheriff or his agents, and the court so held on the previous appeal.

The appellant now insists that the learned judge who presided at the trial committed an error which calls for a reversal of the judgment because of the following charge :

" If a sheriff takes a bond of indemnity and employs a competent and proper auctioneer to sell the property, it may seem to you to be a hardship that the sheriff should lose his indemnity because that auctioneer misbehaves himself. Now, while I do lay that down as a rule of law, yet I think it fair to say to you that you ought to be thoroughly satisfied that the conduct of the auctioneer was not merely negligent or careless, not a mere oversight. Before concluding that the sheriff should lose his indemnity because of the auctioneer's acts, you should be quite satisfied that the latter was acting in bad faith and was guilty of misconduct tending to affect the sale seriously. In other words, the element of fraud here comes in, and the misconduct on the part of the auctioneer which would destroy the indemnity should be carefully distinguished from mere carelessness or oversight."

The learned counsel for the appellant excepted to the portion of the charge just quoted, in which it was stated that something more than mere negligence on the part of the auctioner must be shown to make the sheriff liable in discharging the bond of indemnity. We think that this portion of the charge was in conflict with the opinion of the court upon the previous appeal.

The court also, in stating to the jury that they should be thoroughly satisfied that the conduct of the auctioneer was not

merely negligent or careless, was giving them an incorrect standard as to the conclusiveness of proof. In a civil case the jury need not be thoroughly satisfied of any fact claimed to be proven. If there is a preponderance of evidence in favor of the fact, they are bound so to find whether they are thoroughly satisfied or the proof is conclusive to their minds or not. And, furthermore, the charge was incorrect in stating that fraud must be shown in order that the indemnity should be lost.

There might be negligence and carelessness of the grossest kind without its amounting to fraud, and, in fact, such negligence or carelessness may amount to misconduct without the element of fraud entering therein. And the rule laid down upon the previous appeal was that if any property was lost by the misconduct of the officer the sureties would not be liable. It was not laid down that fraud must be shown, but simply that, unless the officer executed his process with fidelity, and with reasonable diligence, he could not claim his indemnity. In attempting to import the element of fraud into the consideration of this question, the fact seems to have been lost sight of that the indemnity is given to the sheriff for his protection in the execution of the process; and in protecting the rights of his indemnitors he is bound to use reasonable diligence and care. If he is careless or negligent in the execution of the process, he cannot claim indemnity against those persons who have agreed to stand between him and loss, provided he executes the process with due care and diligence.

By the instruction referred to the jury were necessarily misled, and for this error the judgment must be reversed and a new trial ordered, with costs to appellant to abide event.

Present — VAN BRUNT, P. J., and BARTLETT, J.

Judgment reversed and new trial ordered, with costs to appellant to abide event.